FILED
97 JUL 11 AM 7:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| RYDER, INC., f/k/a RYDER INTERNATIONAL CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | CV-97-PT-589-M |
| ALCON LABORATORIES, INC. | ) ) ) | |
| Defendant. | ) | |

ENTERED
JUL 1 1 1997

## MEMORANDUM OPINION

This cause comes on to be heard on the plaintiff's Motion to Dismiss the defendant's Counterclaim filed on June 5, 1997.

### BACKGROUND AND CONTENTIONS

Ryder International Corporation (Ryder) develops proprietary designs and technology for multi-dose delivery of unpreserved products. Alcon Laboratories, Inc. (Alcon) develops and markets ophthalmic products, including contact lens care products, solutions, and pharmaceuticals. On April 16, 1991, Ryder and Alcon entered an "Exclusive License and Supply Agreement." This contract gave Alcon exclusive marketing rights to Ryder's designs and technology for use with Alcon's ophthalmic products. The contract also required Alcon to pay Ryder six "milestone payments" contingent on Ryder's successful completion of each milestone.

After successful completion of the first three milestones, Alcon paid Ryder $225,000. Ryder contends that it also successfully completed the next two milestones which entitled Ryder to another $300,000. Alcon, however, has only paid $150,000 of its purported obligation. On March 7, 1997, Ryder sued Alcon for breach of contract claiming entitlement to the disputed $150,000. On May 6, 1997, Alcon answered the complaint and contended that Ryder failed to manufacture certain tubes to commercial specifications and to Alcon's satisfaction as the contract

1

H

required.[1] Due to the purported problems with the tubes, Alcon gave Ryder written notice that Alcon would terminate the contract in ninety days.[2] Alcon contends that it has received no compensation for the costs associated with developing and testing Ryder's proposed tubes, or the monies spent to purchase the tooling and assembly equipment provided to and retained by Ryder. Alcon thus sued Ryder for reimbursement or recoupment of these monies. Alcon also contends that Ryder has been unjustly enriched with tooling and assembly equipment worth more than $700,000 and with the value of Alcon's consulting and testing services. Additionally, Alcon contends that Ryder willfully and with malice sued to illicitly and/or illegally obtain funds that Ryder knows Alcon is not obligated to pay.

Ryder, in turn, filed this Motion to Dismiss the Counterclaim. In its motion, Ryder first contends that the court should dismiss Count I of the complaint entitled "Recoupment" because it fails to plead an actionable claim under Alabama law. Ryder argues that recoupment is an outdated form of common law pleading that the rule of compulsory counterclaims now encompasses. As such, Ryder claims, recoupment is merely an assertion that a defendant has a counterclaim against the plaintiff. Ryder thus assumes that Count I of the counterclaim is a breach of contract claim. If so, Ryder contends, the claim fails because Alcon terminated the contract as of right, not because Ryder breached the contract. In any event, Ryder argues, the literal language of the contract bars such a claim.[3]

Alcon contends, however, that although the umbrella of compulsory counterclaims now covers the doctrine of common law recoupment, Alabama has not extinguished the claim. Moreover, Alcon argues, a claim should not be dismissed simply because of its style or heading. The crucial inquiry, it contends, concerns the factual allegations underlying the claim. Alcon

---

[1] Alcon claims that it worked with Ryder to develop a tube that met the regulatory and commercial requirements for ophthalmic dispensers.

[2] Article X § A(3) provides: This Agreement may be terminated in accordance with the following provisions: By Alcon upon 90 days written notice.

[3] Article X § A(4) provides: Any termination provided for in this Agreement shall not relieve Ryder or Alcon of any obligation or liability accrued hereunder prior to such termination, nor rescind or give rise to any right to rescind anything done or any payments made or other consideration given hereunder prior to the time of such termination and shall not affect in any manner any rights of either party arising out of this Agreement prior to such termination.

thus contends that the efficacy of a heading or legal theory espoused in a count is immaterial if the proffered factual allegations do not support the particular legal theory advanced. Alcon further claims that Count I could state a claim for quantum meruit, unjust enrichment, or breach of contract; therefore, Ryder is on notice of the claims and its motion to dismiss must be denied. In any event, Alcon argues, if confusion exists, the proper remedy is a motion for a more definite statement to enable the opposing party to frame a responsive pleading.

Ryder, in turn, contends that Alcon's three "theoretical claims" (quantum meruit, unjust enrichment, and breach of contract) should nevertheless be dismissed. Ryder argues that quantum meruit is the measure of damages for unjust enrichment and is not a distinct cause of action. Moreover, if the count is one for breach of contract, then the claim is barred because:

> (1) the Contract's integration clause disclaiming the extracontractual and unspecified representations alleged in Count I;
> (2) the absence of any allegation in Count I that Ryder violated any term of the Contract;
> (3) Alcon's allegation that it terminated the Contract pursuant to its 90-day notice provision for termination without cause, rather than based on a breach by Ryder;
> (4) the absence of a citation in Count I to any contractual language supporting the claim that Alcon was due any reimbursement; and
> (5) Section X.A.4. of the Contract, which denies the parties recovery of 'any payments made or other consideration given' under the Contract.

Ryder further argues that a motion for more definite statement is an inappropriate remedy because Alcon's allegations are not ambiguous but, instead, do not state a claim upon which relief can be granted.

Ryder next contends that the court must dismiss Alcon's quasi-contractual claim in Count II (and possibly Count I) because such claims are not available when the parties, as here, have entered an express contract regarding the same subject matter. Under such circumstances, Ryder argues, the court must construe and enforce the contract as written, without adding words, terms, or conditions.

Alcon contends, however, that Count II of its counterclaim seeks damages for a subject matter covered by the contract, consulting and testing services, etc. In such instances, it argues, the law expressly allows quasi-contractual claims because the contract does not cover the subject matter of the claim. In any event, Alcon argues, whether the contract covers the subject matter of

the counterclaim is a jury question.

Ryder counters by arguing that the ambiguity of a contract's subject matter and the interpretation of an unambiguous contract is a matter of law for the trial court to decide. Ryder notes that the contract provides: "[a]ny termination provided for in this Agreement shall not . . . give rise to any right to rescind anything done or any payments made or other consideration given hereunder." Ryder further notes that Alcon does not contend that the contract is ambiguous. Moreover, it argues, the contract encompasses the entire relationship between the parties concerning the subject matter of this litigation and all related obligations.

Ryder finally contends that the court must dismiss Count III of the counterclaim because it does not state a claim for abuse of process. To state a claim for abuse of process, Ryder argues, a party must plead more than conclusions and must allege that the plaintiff has sought to obtain a result not legally obtainable by process; the party must prove the existence of an ulterior motive. As Alabama law interposes a wide gulf between a dispute and a good faith claim for abuse of process, Ryder argues that the court must dismiss the complaint because Alcon can make no showing of improper motive.

Alcon, however, contends it has sufficiently pled its claim for abuse of process. Alcon further argues that it need not prove an ulterior motive at this stage of the proceedings. Instead, it claims, such proof must be shown at the summary judgment stage.

### LEGAL STANDARD

The Eleventh Circuit recently stated the legal standard applicable to a Rule 12(b)(6) motion to dismiss in <u>Brooks v. Blue Cross and Blue Shield of Florida</u>, ___ F.3d ___, 1997 WL 345941 (11th Cir. 1997). The court repeated:

> The purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which required only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complain and attachments thereto. See 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller). However, where the plaintiff refers to certain documents in the complaint and those documents are

4

central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment . . . . Nonetheless, for the purposes of the motion to dismiss, the complaint must be construed in a light most favorable to the plaintiff and the factual allegations taken as true.

[T]he Supreme Court has stated that the 'accepted rule' for appraising the sufficiency of a complaint is 'that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief . . . . A complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on any possible theory. We hasten to add that this motion is viewed with disfavor and rarely granted. . . . The pleadings must show, in short, that the Plaintiffs have no claim before the 12(b)(6) motion may be granted.

Brooks, ___ F.3d ___, 1997 WL 345941 at 4-5.

## ANALYSIS

At the outset, the court notes that it is not greatly significant whether Alabama law presently recognizes a cause of action known as "recoupment." As stated by the Alabama Supreme Court, "Although a somewhat broader concept, the modern compulsory counterclaim is basically equivalent to common law recoupment." Sharp Electronics Corp. v. Shaw, 524 So. 2d 586, 589 (Ala. 1987). "Recoupment" is a common law form of action that statutory pleading requirements, for the most part, have superseded. The disagreement between the parties on recoupment stems from differing opinions on its proper role. Essentially, recoupment is the procedural avenue by which a defendant can assert its own cause of action, or legal theory, against the plaintiff.[4] Generally, the defendant tries to reduce the plaintiff's damages because the plaintiff has not fulfilled or complied with its own obligations that have arisen from the parties' relationship. In other words, the defendant avers that it has a counter cause of action resulting from the same contract. A distinction thus exists between the procedural vehicle (recoupment,

---

[4] The defendant cites Parker v. McGaha, 321 So. 2d 182, 184 (Ala. 1975) for the proposition that Alabama still recognizes a cause of action for recoupment. A close reading of the case, however, reveals that the defendant sought to recoup certain monies based on the legal cause of action of deceit. Parker, 321 So. 2d at 184.

5

set off, compulsory counterclaim, permissive counterclaim) and the legal theory (deceit, breach of contract, fraud, etc.) available for a defendant to sue the original plaintiff.

A review of Alcon's counterclaim reveals that Count I entitled "Recoupment" requests that:

> . . . Alcon seeks damages for all costs involved with the testing and development of the various versions of the tubes presented by Ryder, the costs associated with locating and purchasing the tooling and assembly equipment, prejudgment interest, attorney's fees, costs of court, expenses and all other relief available at law or equity.

Count II entitled "Unjust Enrichment" provides:

> . . . Alcon seeks damages for the value of all equipment provided to Ryder, the value of all services rendered to Ryder, the costs of locating, purchasing and transporting the assembly and tooling equipment, attorney's fees and expenses, costs of court and all other relief available at law and equity.

Count II expressly states a claim for unjust enrichment. The applicable rule, therefore, as stated by the parties, is that a party cannot recover under an implied contract theory where an enforceable express contract exists between the parties regarding the same subject matter. Miles v. Tennessee River Pulp and Paper Co., 862 F.2d 1525, 1529 (11th Cir. 1989) (citing Humphrey v. Boschung, 47 Ala. App. 310, 253 So. 2d 760, 764 (1970), aff'd, 287 Ala. 600, 253 So. 2d 769 (1971).

The court concludes that the express contract between the parties does not cover the subjects asserted in Counts I and II of Alcon's counterclaim. The contract purports to be:

> . . . the entire understanding of the parties with respect to CAPS, SALINE CAPS, TUBES, and LICENSED PRODUCTS as herein defined and supersedes all previous communications, representations, or undertakings, either verbal or written, between the parties relating to said CAPS, SALINE CAPS, TUBES, and LICENSED PRODUCTS.[5]

None of the integration clause language purports to cover the production equipment and services rendered. The clause instead covers the extent of the licensing agreement relating to the caps, saline caps, tubes, and licensed products. The court is further unpersuaded by Ryder's argument

---

[5] Section XIII (D) entitled "Integrations".

6

that § X(A)(4) of the contract bars Ryder's claims. That section provides:

> Any termination provided for in this Agreement shall not relieve RYDER or ALCON of any obligation or liability accrued hereunder prior to such termination, nor rescind or give rise to any right to rescind anything done or any payments made or other consideration given hereunder prior to the time of such termination and shall not affect in any manner any rights of either party arising out of this Agreement prior to such termination.

This section expressly maintains any claim that arose before termination and bars any rescission rights of the parties. The court is unclear how this language bars the present action. The remainder of Ryder's argument is equally unpersuasive for similar reasons. The court also concludes, however, that Alcon should amend its complaint to specify the legal theory that supports Count I. The court decides, however, that the prudent course now is to deny the motion to dismiss.

The court further concludes that the motion to dismiss the abuse of process counterclaim should be denied. While the court expresses sincere doubt as to the ultimate merits of the claim, and acknowledges that summary judgment _may be_ entirely appropriate, the court cannot grant a motion to dismiss at this stage of the pleadings. Alcon has alleged that Ryder filed this action, "willfully and with malice . . . with the ulterior purpose of illicitly and/or illegally attempting to obtain funds from Alcon which Ryder knows it is not owed under the agreement." The court cannot conclude, as a matter of law, that Alcon can prove no set of facts justifying relief under this claim.[6] The motion will therefore be denied.

This 11th day of July, 1997.

---

[6] The court has a question whether it is appropriate to pursue a malicious prosecution claim or abuse of process claim in the same action before the merits of plaintiff's claim has been determined. In any event, it would appear that a severance is in order. The parties may wish to further research this issue.

Robert B. Propst
Senior United States District Judge